IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>K & J ROSWELL, LLC d/b/a THE TILTED KILT<br><br>Defendant. | CIVIL ACTION NO. :<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Ms. Najla Salaam ("Salaam"), who was adversely affected by such practices. The Commission alleges that K & J Roswell, LLC d/b/a The Tilted Kilt ("Defendant") terminated Salaam because of her race, African American, and color in violation of Title VII.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant has continuously been doing business in the State of Georgia and the City of Roswell and has continuously had at least 15 employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Salaam filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2010, Defendant has engaged in unlawful employment practices at its Roswell, Georgia, facility in violation of Section 706(f)(1) and (3) of Title VII by terminating Salaam because of her race and color in violation of Title VII. *See* 42 U.S.C. § 2000e-5(f)(1) and (3).

8. On or about August, 2010, Salaam, a dark skinned African-American female, was hired by Defendant as a Server.

9. Salaam was hired by Danny Lovell ("Lovell"), white, the General Manager at the time.

10. Salaam completed employment training, but was never scheduled to work any hours.

11. She was eventually told by Lovell that she should look for another job because the owner, Ky Kwon ("Kwon"), was upset that Lovell had hired too many African American girls.

12. Kwon instructed Lovell to terminate African American employees,

including Salaam, who Kwon considered "too dark."

13. The effects of the practices complained of in paragraphs 7-12 above have been to deprive Salaam of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

14. The unlawful employment practices complained of in paragraphs 7-12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 7-12 above were carried out with malice and/or reckless indifference to the federally protected rights of Salaam.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and/or color.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Salaam, who was adversely affected

by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.  Order Defendant to make Salaam whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.  Order Defendant to make Salaam whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Salaam punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Sept. 22, 2011
Date

s/Robert K. Dawkins
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905